## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

EVAN C. MASON,    )
          )
  Plaintiff,    )
          )
v.         )  **Case No. CIV-26-444-SM**
          )
FRANK BISIGNANO,  )
Commissioner of    )
Social Security,    )
          )
  Defendant.   )

## REPORT AND RECOMMENDATION

Plaintiff, represented by counsel, initiated this action to appeal the Social Security Commissioner's denial of benefits. Doc. 1.[1] Plaintiff has applied for leave to proceed in forma pauperis (IFP), that is, without prepayment of fees and costs, under 28 U.S.C. § 1915. Doc. 2. For the following reasons, the undersigned recommends the Court deny Plaintiff's IFP application.

## I. Discussion.

Plaintiff has applied to proceed IFP. *Id.* The filing fee in civil cases is $405.00.[2]

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

Plaintiff states in his IFP application that his sources of income include employment ($375.00 this month and $2,500.00 next month), income from real property ($4,400 a month), and disability income ($4,650.00 a month). *Id.* at 1-2. He currently has $4,000.00 in a checking account and his monthly expenses total $10,176.00. *Id.* at 2-5.

Proceeding in forma pauperis "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). And the Court evaluates "an application to proceed *in forma pauperis* . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008). Here, "the documentation Plaintiff has provided does not indicate an inability to pay the required filing fee." *Raynor v. Wentz*, 357 F. App'x 968, 969 (10th Cir. 2009).

Plaintiff's monthly expenses are not more than his monthly income. The record thus establishes that Plaintiff is able to pay both for the necessities of life and for those lawsuits that he deems important and that his allegation of poverty, without more, does not accurately characterize his situation. *See, e.g.*, *Burns v. United States*, 345 F. App'x 328, 329 (10th Cir. 2009) (holding district court had not abused its discretion in denying the plaintiff leave to proceed IFP where the plaintiff's "own financial disclosure form show[ed] that he ha[d] funds available to pay the necessary fees"). "While this Court does not suggest

that [Plaintiff] is wealthy or has lots of money to spend," the Court finds Plaintiff could spend his discretionary funds on filing fees if he desires. *Lewis v. Ctr. Mkt.*, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010). And Plaintiff "has given [the Court] no indication" that such a determination is incorrect. *Burns*, 345 F. App'x at 329.

The undersigned thus recommends the Court deny Plaintiff's IFP application. Doc. 2. Should the Court adopt this recommendation, the undersigned further recommends the Court dismiss this case without prejudice unless Plaintiff pays the full filing fee within twenty-one days of that order. *See* LCvR3.3(e).

## II.  Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Plaintiff's IFP application. Doc. 2.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before March 24, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

3

**ENTERED** this 10th day of March, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE